is 227041. And we'll hear from the felon's counsel, please. Good morning and may it please the court, Meredith O'Harris appearing on behalf of Garrett Hurst. I'm happy to answer questions from the court on any of the issues in the briefs today, but I otherwise intend to focus my argument this morning on the second issue to the district court's ruling on the acceptance of responsibility credit. I'd like to reserve at least three minutes for rebuttal. Section 3E1.1A provides that when the defendant clearly accepts responsibility for his offense, the court should decrease his offense level by two levels. Did he clearly accept his responsibility? That's the key question in this case. That's right, Your Honor. And I believe that the records shows that Mr. Hurst clearly accepted responsibility. When we take into consideration the application notes and the guidance that they provide and the considerations before any district court on this issue. He went to trial and while in trial, cross-examines the victim concerning an element of the crime. How is that an acceptance of responsibility? A couple points. First, the application notes make clear that the acceptance of responsibility credit turns primarily or principally upon the defendant's pretrial statements in conduct. And in this case, Mr. Hurst pled guilty very early on in the proceedings pursuant to two separate plea agreements. He also stated to the court at the March 2022 change of plea hearing that, quote, without offering any excuses, his offense was an awful crime of opportunity. So he pled twice but withdrew both pleas. So how does that help him? Well, the reason that he withdrew those pleas is because the court refused essentially to accept his guideline range sentence, which was the second plea we have challenged on appeal. But turning to Your Honor's point about his trial conduct as well, it is true that Mr. Hurst cross-examined the victim at trial. But I would point out that the cross-examination was really only about the victim's Indian heritage and not about his actual culpability for the... Why is that significant? Well, I think that's significant because under this court's, you know, for example, in Galvin, whether or not the defendant is challenging the factual elements, first of all, the application notes also being clear about whether the defendant is challenging the factual elements of his culpability as opposed to perhaps like a legal element of the offense. Well, you're saying so this is a legal issue as opposed to a factual issue. But how does that matter? If she is of Indian heritage or not, that is an element of the crime just like rape is. I mean, if you defend yourself saying, I did not commit rape, or I argue that this victim is not of Indian heritage, it's a factual issue. But basically, are you Indian of Indian heritage or not? And either one has exactly the same significance. Both of them are, although different in nature, they're both inherently factual. That's absolutely true. The Indian heritage is an element of the offense, but it's sort of, it's jurisdictional in nature as opposed to did I do this crime? And so I think that that's the way that this court has tried to create a distinction between in the acceptance of responsibility case law, between factual disputes about whether I'm guilty of this crime and sort of these legal defenses. So I appreciate the court's point that this is an element of the offense, but it does seem to be relevant in the case law in how when defendants do take their cases to trial, whether they're nonetheless entitled to this credit. If Judge, is your argument that Judge Jones arbitrarily had a cutoff point? If we decide hypothetically that Judge Jones did not impose a specific cutoff point to demarcate whether or not the defendant was eligible for the two point adjustment, do you lose? Is your argument contingent on us finding that he selected a particular cutoff point? We make both arguments. We argue in the first instance that the court was making a, or appeared to be making a legal determination about at what point are you no longer eligible for the acceptance of responsibility credit? For example, when the court said, quote, it seems to me the government still had some burden in having to prepare for trial. So how does that align with what seems like both the letter and the spirit? And this is an oral argument, not in his order, right? That's correct. And so if, let's say, I ask you an argumentative question, sort of like maybe Judge Jones did, and you file a petition for rehearing, would you be able to say, well, Judge Vacarek insinuated X when he was asking me a question, which is exactly what Judge Jones did. So how can his, the asking of a question be taken as evidence that he selected a cutoff point, particularly when he made the decision, he said in this instance, and he incorporated the government's argument, that did not urge a particular cutoff point. That's exactly right, Your Honor. I do think that the transcript is ambiguous as to what exactly his ruling or his analysis was in issuing his ruling. But if the court is disinclined to find that the court was making a cutoff point analysis, I still think that there was an abuse of discretion here on these facts. Well, can I back you up a little bit? You just said that it was ambiguous. I thought it couldn't have been any clearer when it said, here's my decision in this instance, this is what I'm going to do after hearing all the argument. And then it specifically said it was going to rely upon and incorporate the government's briefing and argument. I look back to the government's briefing and argument, and they don't make this legal argument that essentially there's this cutoff once you go to trial. So there seems to be nothing in the record to support your legal argument. Respectfully, I think there are a couple instances on pages 9, 10, 11, and 13 where the court suggests that it is trying to understand the boundaries of this guideline. I understand, but its ultimate ruling is what we have to look at, and the grounds for its ultimate ruling, which it said were for the reasons stated by the government, and incorporated. Two points. In making that ruling, I agree that the court says that. I think that that is the legal argument we're making about the court's error. The court says, taking into consideration what was said here today and the questions the court has, the court also said those things when it was issuing its ruling. And some of those questions that the court had posed were really about the contours of the guideline and interpreting the cutoff point and where we fall within that cutoff point. But taking the court's lead on this, I still think that there was an abuse of discretion here if the court was exercising discretion for a couple different reasons. First, as I noted, the application notes to the guideline make clear that we're looking at pretrial statements and conduct. And in this case, the district court never explicitly found that Mr. Hurst wasn't accepting responsibility. It seemed to suggest that the timeliness factor was the most critical. And in this case, Mr. Hurst pled guilty almost as soon as possible, twice before trial, and the application notes state that a pretrial guilty plea is... But all of this reference to pleading guilty and then withdrawing the plea, that's a wash, isn't it? I mean, why continue to bring that up? It doesn't matter because it didn't stick. It didn't stick. You're right, it didn't stick. But the reason it didn't stick was because the court was disinclined to accept a guideline-range sentence. Is that the question? We're looking at whether or not he's accepting responsibility. It matters not what anyone else in the room is doing or not doing. Okay. I appreciate the court's concern about that. I just think that this is evidence that is relevant in the issue. It might not be dispositive, and certainly the application notes say that. So are we really parsing between eligibility or entitlement? You can be eligible for this but you can't be entitled. That's correct. I agree with that sort of formulation of how this application, how this guideline applies in any given instance. But I had mentioned before that Mr. Hurst also stated at the second change of plea hearing, he's not offering any excuses for his conduct and that this offense was an awful crime of opportunity. He also provided a factual basis for his guilt. At trial, he gave no opening statement. At the forensic nurse, he only asked her to clarify her direct exam testimony stating that there was no injury to the victim's hymen, which is sort of just mitigating. It's not really a defense to this, to his underlying criminal conduct. So with that kind of questioning, you think your client was admitting, was accepting responsibility? I certainly don't think that he was. It's pretty hard to argue, isn't it? I do appreciate that this is not a, if we're just looking at the fact of him going to trial, it doesn't suggest acceptance of responsibility. But I do think taking the totality of the facts at issue in this particular case, that he was doing as much as possible to try and accept responsibility under the circumstances. What if he stood mute? What if he didn't say anything? No opening statement, I'm not going to cross-examine anybody, I'm not going to present any evidence. Just to follow up on my colleague Judge Briscoe's question, is does passivity, does inaction equal acceptance? Acceptance seems like an active, an action and through inaction, I don't, that seems difficult and so I'd like to address that. Sure, I think what the courts are generally looking for and sort of what become, what the application notes are trying to ventilate here are, is this person expressing remorse? And we do have that in this record well before trial, that Mr. Hurst expressed remorse and And so I think that that, the application notes make clear significant evidence for the courts, you know, analysis. Could I, if my colleagues are alright, I know you said you wanted to focus on this issue, but could I move you on to your issue on the supervised release term of 13 years? You didn't cite any authority, as I recall, in your brief for your suggestion that the but the government did cite U.S. v. Zange, which is a 2000 case, Judge Briscoe was on the panel and I wonder, you briefly mentioned it in your reply, I wonder how you think that applies. Does it support your argument that in this instance the court was required to set out separate reasons? I think that the case law is pretty clear on this point, Your Honor, that the court needs to give some rationale and it could, this court could extrapolate from the court's overall sentence, you know, does this also support the supervised release term? I'm, I don't know off the top of my head about the particular case Your Honor is mentioning and how that might... Well, the government cited it and you didn't cite any authority, so I just thought it was interesting. It would seem to support, potentially support your argument. I just wondered what your thought was. Yeah, I do, I think Gall is very clear that the court needs to articulate some rationale and here it just arbitrarily said 13 years. Well, the government says that Gall doesn't, doesn't mean that, that the court can't simply provide essentially the same reasons for the imposition of supervised release, especially here where he was going to receive a term of supervised release. That was mandatory. It was, the court wasn't deciding whether to impose a term. Yeah, I didn't, in the sentencing transcript on this issue, the government's point on, on that front, the court never said, and for the same reasons, as my recollection from the transcript, I'm going to also impose 13 years. There, there just was no rationale at all. And I think that that is a problem under some of this language that we've seen in, in, you know, the Gall case. But here we're at plain error, aren't we? That's right, Your Honor. And what about the third prong? Yeah. This judge seemed pretty, pretty intent on, on doing what he could to... I think if the court... Either in custody or under supervision, despite the lack of any, anything about the 13 years. Our position is on the third prong that if the court were required to explain or provide some explanation that, you know, perhaps it is possible he might have looked, the court might have looked at these factors a little bit more closely and, and therefore this has affected Mr. Hearst's substantial rights. Okay. Thank you. Yeah. Thank you. I only have 13 seconds left, so I'll do my best on rebuttal, but otherwise, thank you. Thank you. Good morning, Your Honors. Lisa Williams representing the United States of America. I'll just quickly pick up where we left off with the supervised release argument. Government's argument is under Holzer, which I think gave a really detailed analysis of what constitutes the sentence. It's the term of imprisonment as well as the term of supervised release. And so when the court is saying the reasons for my sentence are X, Y, and Z, it is incorporating its sentence both with respect to the term of imprisonment as well as the term of supervised release. And what's the authority that we have in our circuit? Some circuits have said that, but what is the authority in our circuit to say that one, under Gaul, one explanation can encompass not only the incarceration but the supervised release? I couldn't find a case, Your Honor, that specifically pulled out. Now, the case that the government cited the... Zange? Zange, the Buttsy. That was when the term of supervised release was not required, and I would submit it so it's an above or an out of guideline range term of supervised release. Well, what about in Zange, they cite Kravchuk, which was a within guidelines term of supervised release. And in Kravchuk, we said that we can't speculate on the reasons for the duration of the supervised release term when the court didn't provide an explanation, even though, as I understand it in Kravchuk, the court did give an explanation for the incarceration term. I would argue, Your Honor, that since Zange was a 2000 case, Kravchuk, and I'll have to admit I didn't go back and read that case, but it's obviously pre-Gaul. Post-Gaul, there's been extensive case law on the duty of the court of how specific it has to get when it's imposing a sentence outside of the guideline range. And there is well-settled law in the circuit that if it's a within guideline range sentence. Was Gaul addressing the need to explain and justify a supervised release term? No, Your Honor. In fact, what Gaul was addressing is whether or not the district court could consider the 3553A factors and go and vary outside the guideline case. And I'm from Iowa, and what Judge Pratt did in Gaul is said there's no grounds for departure, and I cannot vary. The guidelines and the sentencing law don't allow me to consider a sentence unless a ground for departure exists. That case went up to the Supreme Court, and the Supreme Court said no, no, no, no, no. District court judges have the authority to vary based on all of the 3553A factors. And a variance is a difference, of course, than a departure. That's the seminal law that Gaul established in federal sentencing. But here, you know, we're talking about the reasons, the specific reasons the court imposes a term or what the term it imposes is or what the conditions are. And it has, I mean, it doesn't consider all of the same factors. It doesn't consider all of the same 3553A factors when it determines supervised release. So it makes sense to me that we would require, as we did in Kravchuk, which was actually a 2003 case and cited Zange as we did there, we said you've got to have, you've got to state separately your reasons. That's correct, Your Honor, and you do. But the court did separately state reasons for its sentence, and I don't think anybody For the sentence? Yeah, for the prison term, the 180 miles. Well, that's what the government disagrees with, Your Honor. The sentence, again, looking at Holzer, is very clear that the term sentence encompasses the term of imprisonment and the term of supervised release. Well, I'm not trying to parse words with you. Are you saying Judge Jones said, I'm giving you this 13 years supervised release term because of X? No, he said I'm imposing the sentence. That's all I'm saying. No, that's correct. And he didn't specifically pull out the supervised release term. But the government's position is that when he separately pulls out the reasons for the sentence, that includes his term of supervised release, and no detailed explanation of his analysis is required when the term of supervised release falls within the guideline sentence. Now, had the term, the guideline range been 5 to 10 years, and he gives a 13-year term of supervised release, then there may be a requirement that he separately comment on why he thinks that's necessary. OK, I'm sorry to kind of not blast your time, but let me ask you this. Even when you have a within-guideline sentence, now you don't have to, you know, our precedent under Gall doesn't necessarily require a detailed particularized explanation, but you have to have at least a generalized explanation. And so if, hypothetically, we read Kravchuk to say that you have to have at least a generalized explanation, not only under Holzer for the incarceration term, but for the supervised release term, aren't we going to be hard-pressed to find even a generalized reference from Judge Jones to the reason that he selected a 13-year term? Well, if you're requiring a statement from Judge Jones that says the reason I selected the supervised release term is because of X, Y, and Z, you will not find that in the record. However, Judge Jones gave a detailed explanation as to what he found aggravating in this circumstance, the nature and circumstance of the offense, as well as the defendant's criminal history. The government's position is that he did provide an analysis. It is there. And to require more would be, in the government's position, something that the court hasn't specifically required before, and so it fails plain error because, while it may have been an error, the government does not believe it's one that's plain. Well, what if we read that we did require it in Kravchuk? If we read it that way, what would you say about the third prong? You didn't make an argument about the third prong in your brief. No, because the government doesn't think that the court needs to get to the third prong. But let's say what? But if the court does, you know, it's— It's a little bit hard to say since we don't have—if reasons are required and we have no reasons. Well, Your Honor, you took the first words out of my mouth. It's a little bit hard to say, but what I was going to follow that up with is, this is a pretty detailed sentencing analysis by this district court judge compared to some other analysis. I mean, he really did dive into what he found aggravating. This judge also gave, the government believes, a significant amount of thought into this 180-month sentence. He was confronted with the first Rule 11 C1c agreement, with the second Rule 11 C1c. So this is a case where this judge gave a degree of attention to the ultimate sentence he wanted to impose that I'm not sure that if he had to go back and provide reasons for the 13-year term, it would alter his sentence or his decision. So under plain error, the outcome would not be altered? That's correct, Your Honor. Substantive harm. That's correct. And I think that the court can also do an analysis under the fourth problem, too, because, again, it's a within-guideline-range term of supervised release. So there is a presumption of reasonableness when the court sentences within the guideline range at this stage of review. And so I just think that the defendant has not met his burden to establish plain error exists with regard to the supervised release term. Turning to the acceptance of responsibility issue, the government disagrees that this is at all a legal issue for the court. The district court did not establish a cutoff. As the court has already noted, that was in a colloquy asking questions to counsel. The district court specifically said, in this instance, and then relied on the government's reasoning. And what's important about that is the government, in their reasoning, in their objection letter and brief, they know that acceptance of responsibility can be available to a defendant who proceeds to trial. So the government never argued that as a matter of law, if you go to trial, you never get acceptance. The government acknowledged that you could, but for the reasons present in this specific case, and then they detail out their reasoning, acceptance of responsibility was not proper. So the issue before this court is whether the district court clearly erred in determining that the defendant had not met his burden to establish an entitlement to acceptance of responsibility. The government takes serious issue with the characterization of the defendant's cross-examination at trial. The defendant did not just cross the victim on her Native American status. He crossed the victim on whether her father was angry at her when she came home, which of course is an inference speaking to the victim's credibility and whether or not she's making up this story. Your dad was angry when you came home late on Christmas Eve, so you had to invent this story that you were raped. That's the closing, right? So he also crossed her on different information she provided to different people about how she met the defendant. That attacks her credibility and whether or not she's telling the truth. She was crossed on why she provided defendant with her phone number instead of a fake number. Why would you even do this? That's blaming her for getting her into this situation, whether she invited defendant to her home, and then of course whether she was in fact an Indian for the purpose of jurisdiction. The cross about the hymen is particularly disturbing because what it suggests is if her hymen is not broken, there was no penetration. That goes to the very element of whether or not there was penetration by the defendant's penis of her vulva. And so it is not something that we just casually discuss. And there was also an incredibly thorough cross-examination on the DNA evidence and the chain of custody. Now, given that this is not a defendant who went to trial to preserve some sort of legal issue and didn't challenge every single element of his offense. This defendant crossed nine of the 11 witnesses and then teed up a Rule 29 motion. And it was only then that he lost his Rule 29 motion that he pled guilty. He also repeatedly refers to it as a crime of opportunity. This defendant groomed this child by sending her repeated text messages, visiting her house, supplying her with drugs or offering her drugs and alcohol, and then picked her up and drove her somewhere and refused to bring her home when she asked. And instead, he raped her. So no, this is not a defendant who tried to accept responsibility, who went to trial to preserve some sort of legal issue, and the district court did not clearly err in determining that the acceptance of responsibility adjustment was not available to him. And if there are no other questions from the bench, the government would rest on its briefing. Thank you. I'm going to put the appellant at one minute. Thank you for the additional time. I just want to acknowledge one point about the government's putting the government to its burden rationale that has been extensively discussed and heavily relied upon in both the proceedings below and in the briefing on appeal. 3E1.1 subsection B states that the defendant is not entitled to an additional one-point reduction if the government has to prepare for trial. Mr. Hurst has never alleged that he was entitled to this additional point. That is sort of more consistent with the district court's cutoff point analysis, that particular subsection. And the application notes likewise state that the credit is not intended to apply to a defendant who puts the government to its burden at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. And as I noted, Mr. Hurst expressed remorse for his actions months before the trial in this case. For that reason, we respectfully ask for resentencing. Thank you. Thank you, counsel. This matter will be submitted.